09-0683-cr
USA v. Pickett

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: June 23, 2010                                        Decided: July 20, 2010)

Docket No. 09-0683-cr

UNITED STATES OF AMERICA,

*Appellee,*

v.

GORDON PICKETT,

*Defendant-Appellant.*

Before: WINTER, CABRANES, and WESLEY, *Circuit Judges.*

Appeal from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*). Defendant objects to the District Court's imposition of restitution more than ninety days after his sentencing hearing. We hold that the District Court had the authority to order restitution pursuant to *Dolan v. United States*, --- S. Ct. ---, No. 09-367, 2010 WL 2346548 (June 14, 2010).

Affirmed.

> KATHERINE ALFIERI, New York, NY, *for defendant-appellant.*
>
> WINSTON M. PAES, Assistant United States Attorney (Benton J. Campbell, United States Attorney, Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, *for appellee.*

1

PER CURIAM:

The question presented is whether the District Court had the authority to order restitution more than ninety days after defendant's sentencing hearing. Defendant Gordon Pickett ("Pickett") appeals from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*). Pickett raises a number of challenges to his conviction, his sentence, and the District Court's restitution order. In this opinion, we consider only the argument that the District Court lacked authority to impose restitution more than ninety days after Pickett's sentencing hearing. We address Pickett's remaining arguments in a separately filed summary order.

We hold, in accordance with the Supreme Court's recent decision in *Dolan v. United States*, --- S. Ct. ---, No. 09-367, 2010 WL 2346548 (June 14, 2010), that the District Court had the authority to order restitution in this case. Accordingly, we affirm the judgment of the District Court.

## BACKGROUND

Pickett was convicted, after a jury trial, of the following eight counts: conspiracy to commit access device[1] fraud in violation of 18 U.S.C. § 1029(b)(2) (Count One); access device fraud in violation of 18 U.S.C. § 1029(a)(1) (Count Two); possession of counterfeit and unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3) (Count Three); possession of device-making equipment in violation of 18 U.S.C. § 1029(a)(4) (Count Four); production of fraudulent identification documents in violation of 18 U.S.C. § 1028(a)(1) (Count Five); bank fraud in violation

---

[1] The access device statute defines an "access device" as

> any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument)[.]

18 U.S.C. § 1029(e)(1). Credit cards and debit cards (and the account numbers associated with both) are considered "access devices" under the statute. H.R. Rep. No. 98-894, at 19 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3689, 3705; *see also United States v. Abozid*, 257 F.3d 191, 196 (2d Cir. 2001).

of 18 U.S.C. § 1344 (Count Six); and aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5) (Counts Seven and Eight).

On January 23, 2009, Pickett was sentenced principally to 168 months' imprisonment. The District Court, however, did not impose restitution at that time. Instead, the Court indicated that it would leave the sentence open for ninety days to allow for a more complete accounting of the victims' losses, because the Court did not "want this case to come to its ultimate conclusion without a full investigation and solicitation of those victims." Appellant's App. 257. On March 27, 2009, the government submitted a letter that presented the evidence of loss, and on May 1, 2009—ninety-eight days after Pickett's sentencing hearing—the District Court adopted the loss figures set forth in the government's letter and entered an amended judgment imposing restitution in the amount of $2,400,800.

## DISCUSSION

Victim restitution in criminal cases is governed by 18 U.S.C. § 3664, which provides, in relevant part, that "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). Pickett argues that, pursuant to that subsection, the District Court lacked authority to impose restitution ninety-eight days after his sentencing hearing.

After this case was fully briefed, the Supreme Court decided *Dolan v. United States*, --- S. Ct. ---, No. 09-367, 2010 WL 2346548 (June 14, 2010), which squarely addressed whether district courts may impose restitution beyond the statutory deadline. The Court held that "a sentencing court that misses the 90-day deadline nonetheless retains the power to order restitution . . . where . . . the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Id.* at *3. Noting that "the statute seeks primarily to assure that victims of a crime receive full restitution," and not "to provide defendants with

3

certainty as to the amount of their liability," *id.* at *6, the Court upheld an order of restitution entered more than three months after the expiration of the statutory deadline, *id.* at *4.

Here, as in *Dolan*, the District Court's judgment "made clear prior to the deadline's expiration that [the Court] would order restitution," *id.* at *3, leaving open only the amount "[t]o be determined." Appellant's App. at 264. Furthermore, at the sentencing hearing, the District Court explained that it "intend[ed] to leave the sentence open for 90 days or [as] much of the 90 day period as is necessary for" the government to gather information about the victims' losses. *Id.* at 256. Those statements, each of which was made before the expiration of the ninety-day period, left no doubt that restitution would be imposed. Accordingly, the District Court acted within its authority in ordering restitution ninety-eight days after Pickett's sentencing hearing.

### CONCLUSION

Pursuant to *Dolan v. United States*, --- S. Ct. ---, No. 09-367, 2010 WL 2346548 (June 14, 2010), we hold that the District Court "retain[ed] the power to order restitution" ninety-eight days after Pickett's sentencing hearing because the District Court "made clear prior to the deadline's expiration that it would order restitution." Accordingly, the judgment of the District Court is **AFFIRMED** insofar as it imposed restitution on a date beyond the ninety-day statutory period.

4