10-1838-cr
United States v. Anderson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of March, two thousand eleven.

PRESENT:   DENNIS JACOBS,
                           *Chief Judge*,
           GUIDO CALABRESI,
           REENA RAGGI,
                           *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

                           *Appellee*,

           v.                                          No. 10-1838-cr

BRIAN ANDERSON,

                           *Defendant-Appellant*,

ABDUL IBN ALI ALISHTARI,
a.k.a. MICHAEL MIXON,

                           *Defendant.*[*]

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:       MICHAEL O. HUESTON, Law Offices of Michael Hueston, New York, New York.

APPEARING FOR APPELLEE:        ANJAN SAHNI (Katherine Polk Failla, *on the brief*), Assistant United States Attorneys, *on behalf of* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

-----

[*] The Clerk of the Court is directed to amend the caption to read as shown above.

Appeal from the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 28, 2010, and the order of restitution entered on August 2, 2010, are AFFIRMED.

Defendant Brian Anderson appeals from the district court's denial of his motion to amend his judgment of conviction to remove the $2,651,735.25 order of restitution entered more than ninety days after Anderson's sentencing in connection with his plea of guilty to committing and conspiring to commit wire fraud as part of a Ponzi scheme. See 18 U.S.C. §§ 1343, 1349.[1] We ordinarily review a district court's order of restitution for abuse of discretion, but we review de novo purely legal questions, such as those raised here. See United States v. Kyles, 601 F.3d 78, 82 (2d Cir.) (reviewing de novo legal question of "district court's authority" to modify restitution schedule), cert. denied, 131 S. Ct. 258 (2010); United States v. Douglas, 525 F.3d 225, 252 (2d Cir. 2008) (reviewing de novo restitution challenge raising "only issues of law"). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Because the government does not challenge Anderson's ability to appeal the timeliness of the restitution grant, we need not consider whether Anderson's plea agreement waived this right.

2

Anderson concedes that recent Supreme Court and Second Circuit precedent provide that a "court that misses the 90-day deadline" for imposing restitution after sentencing "nonetheless retains the power to order restitution – at least where . . . the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." Dolan v. United States, 130 S. Ct. 2533, 2537 (2010); accord United States v. Pickett, 612 F.3d 147, 149 (2d Cir. 2010); see 18 U.S.C. § 3664(d)(5) (providing that "court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing"). Anderson also acknowledges that the district court repeatedly stated at sentencing that it would order restitution, leaving open only the amount and specific victim information. Defendant nevertheless submits that the district court lacked authority to impose restitution six days after the deadline's expiration because Dolan and Pickett are distinguishable from his case and because the government did not identify amounts owed to specific victims until 170 days after sentencing. We are not persuaded.

Nothing in Dolan or Pickett suggests that the factual differences Anderson identifies, such as the government or probation office not providing restitution information prior to the deadline, cf. Dolan v. United States, 130 S. Ct. at 2537; United States v. Pickett, 612 F.3d at 148-49, are material when the district court "made clear . . . that it would order restitution" at sentencing, Dolan v. United States, 130 S. Ct. at 2537.[2] Nor does the government's delay

---

[2] Even if provision of restitution information prior to the deadline mattered, the government here provided the total restitution amount on the last day of the extension period, stating that despite knowing the amounts owed to particular victims, it needed more time to gather victims' addresses.

in providing specific victim information change the analysis when the district court filed the judgment specifying the total restitution obligation six days after the deadline. See id. at 2539 (noting that court's missing of deadline, "even through its own fault or that of the Government, does not deprive [it] of the power to order restitution"); see also 18 U.S.C. § 3664(d)(5) (requiring determination of "victim's losses" within ninety days); United States v. Kyles, 601 F.3d at 83-84 (upholding court's authority to alter payment schedule after sentencing when restitution amount remained unchanged).

We are also not convinced that Anderson suffered prejudice by the delay because of ineligibility to apply for a prison transfer until payment of the restitution debt. See United States v. Douglas, 525 F.3d at 252-53 (upholding restitution grant after ninety-day extension when defendant "provided no indication" of prejudice). Because Anderson must pay over $2 million in restitution before he is able to transfer prisons, the short delay in determining such a large loss amount created no prejudice. Nor do we identify any prejudice in Anderson's inability to review the individual loss figures or victims list within the ninety-day period when he never objected to those figures and raises no issues with respect to them on appeal.

Finally, we are unpersuaded by Anderson's assertion that the district court erred by failing to consider defendant's financial resources or his dependents' needs, as required when restitution is imposed pursuant to the Victim and Witness Protection Act of 1982. See 18 U.S.C. § 3663(a)(1)(B)(i); United States v. Battista, 575 F.3d 226, 230 (2d Cir. 2009). Because Anderson never raised this claim below, we review it for plain error. See United

4

States v. Carter, 489 F.3d 528, 537 (2d Cir. 2007).  We identify no such error here because the district court imposed Anderson's restitution pursuant to the Mandatory Victims Restitution Act, which requires full victim restitution "without consideration of the economic circumstances of the defendant."  18 U.S.C. § 3664(f)(1)(A); see id. § 3663A(c)(1)(A)(ii) & (B) (requiring mandatory restitution for fraud or deceit victims suffering pecuniary loss); United States v. Amato, 540 F.3d 153, 157 (2d Cir. 2008).  Indeed, Anderson acknowledged in his plea agreement and during the plea that full victim restitution was mandatory.[3]

We have considered Anderson's other arguments on appeal and conclude that they are without merit.  Accordingly, we AFFIRM the district court's judgment and order of restitution.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Anderson's contention, raised for the first time on appeal, that the district court failed to provide victims with their rights under the Crime Victims Rights Act, see 18 U.S.C. § 3771, is meritless when the government sought extensions to ensure it communicated with all victims of defendant's complex scheme.