13-934-pr
Anderson v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand fifteen.

PRESENT:  GUIDO CALABRESI,
        REENA RAGGI,
        RICHARD C. WESLEY,
            *Circuit Judges.*

---------------------------------------------------------------------

BRIAN ANDERSON,
        *Petitioner-Appellant*,

      v.                No. 13-934-pr

UNITED STATES OF AMERICA,
        *Respondent-Appellee.*

---------------------------------------------------------------------

APPEARING FOR APPELLANT:    JANE S. MEYERS, ESQ., Brooklyn, New York.

APPEARING FOR APPELLEE:    JENNIFER GACHIRI (Margaret Garnett, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 22, 2013, is AFFIRMED.

Brian Anderson, who stands convicted after a guilty plea of wire fraud and conspiracy to commit wire fraud, see 18 U.S.C. §§ 1343, 1349, 2, appeals from the denial of his petition to vacate that conviction pursuant to 28 U.S.C. § 2255. Pursuant to a certificate of appealability granted by this court, Anderson argues that (1) the district court erred by dismissing his petition as untimely without affording him the opportunity to reply to the government's answer pursuant to Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules Governing § 2255 Proceedings"); and (2) his trial counsel was constitutionally ineffective. See Strickland v. Washington, 466 U.S. 668, 688, 692–94 (1984). On appeal from the denial of § 2255 relief, we review the district court's factual findings for clear error and its conclusions of law de novo. See Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. The Claimed Right to Respond

Anderson maintains that Rule 5(d) afforded him an absolute right to respond to the government's answer to his § 2255 petition before the district court ruled. We need not conclusively decide this issue because, given that Anderson's petition was untimely, any

2

error the district court may have committed was harmless. Anderson has conceded the untimeliness of his petition on this appeal, and he has failed to show that he was prejudiced by any error the district court may have made in ruling on his § 2255 petition before he could respond to the government's answer to it.[1]

2.      Anderson's § 2255 Petition Was Untimely

Section 2255 petitions are subject to a one-year limitations period, which in most cases runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Anderson's conviction became final on June 30, 2011, when the time expired for him to petition the Supreme Court for a writ of certiorari from this court's affirmance of his conviction on direct appeal. See Sup. Ct. R. 13(1), (3); United States v. Anderson, 419 F. App'x 16 (2d Cir. 2011) (summary order). Anderson filed his § 2255 petition on September 15, 2012, more than fourteen months after his conviction became final.

Anderson recognized this timeliness concern when he filed his § 2255 petition, but argued that the one-year filing period did not commence in his case until June 21, 2012, when the Supreme Court decided Southern Union Co. v. United States, 132 S. Ct. 2344 (2012), which Anderson maintained applied the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000), to the restitution component of sentence. See 28 U.S.C. § 2255(f)(3)

---

[1] At oral argument, Anderson's counsel advised that Anderson intends to pursue a claim of actual innocence. This does not alter our conclusion because such claims may be heard notwithstanding any procedural bar or limitations period. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); Rivas v. Fischer, 687 F.3d 514, 547–52 (2d Cir. 2012). Thus, any error below would be harmless.

3

(calculating one-year period from date on which right asserted "was initially recognized by the Supreme Court," if newly recognized right was "made retroactively applicable to cases on collateral review"). Our court has expressly rejected such a reading of Southern Union, holding that where, as here, there is "no determinate statutory maximum" for the restitution that can be imposed, "there is no range prescribed by statute and thus there can be no Apprendi violation." United States v. Bengis, 783 F.3d 407, 413 (2d Cir. 2015) (adhering to pre-Southern Union discussion in United States v. Reifler, 446 F.3d 65, 118 (2d Cir. 2006), and joining three sister circuits in concluding that "judicial factfinding to determine the appropriate amount of restitution under a statute that does not prescribe a maximum does not implicate a defendant's Sixth Amendment rights" (collecting cases)). Indeed, Anderson concedes the point on appeal. See Appellant's Br. 17 n.3. Thus, because Southern Union recognized no new right available to Anderson, he is not entitled to have the one-year filing deadline for his § 2255 petition calculated from the date of that decision, see 28 U.S.C. § 2255(f)(3), rather than from the date his conviction became final, see id. § 2255(f)(1). Under these circumstances, the district court's dismissal of Anderson's petition as untimely was certainly correct.

Anderson does not, after all, contend that the government created any impediment to the timely filing of his § 2255 motion, see id. § 2255(f)(2), nor does he assert that his claims rested on facts that could not have been discovered before his conviction became final, see id. § 2255(f)(4). Indeed, the record confirms that the factual basis for

4

Anderson's claims—that the actual loss amount informing restitution was erroneously calculated—was available and known to him before he filed his direct appeal.

We therefore conclude, after considering the arguments advanced in Anderson's § 2255 motion and in his brief on appeal, that his § 2255 motion was untimely, and that Anderson's arguments to the contrary fail on the merits.

3.      Conclusion

We have considered Anderson's remaining arguments as to the first certified question, and we reject them as without merit.    Under these circumstances, we do not consider the second certified question because Anderson's claim of ineffective assistance of counsel is untimely.    Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court